COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                  CORPUS
CHRISTI - EDINBURG

___________________________________________________________________

 

        NUMBER 13-04-668-CV

 

MISSION CONSOLIDATED INDEPENDENT 

SCHOOL DISTRICT,                                                 Appellant,

 

                                           v.

 

GLORIA GARCIA,                                                      Appellee.

___________________________________________________________________

 

             On
appeal from the County Court at Law No. 5

                           of
Hidalgo County, Texas.

__________________________________________________________________

 

        NUMBER 13-05-021-CV

 

MISSION
CONSOLIDATED INDEPENDENT 

SCHOOL DISTRICT,                                                 Appellant,

 

                                           v.

 

MELINDA SOTUYO,                                                   Appellee.

___________________________________________________________________

 

             On
appeal from the County Court at Law No. 4

                           of
Hidalgo County, Texas.

__________________________________________________________________








 

        NUMBER 13-05-060-CV

 

MISSION
CONSOLIDATED INDEPENDENT 

SCHOOL DISTRICT,                                                 Appellant,

 

                                           v.

 

DEBORAH MEDINA,                                                   Appellee.

___________________________________________________________________

 

             On
appeal from the County Court at Law No. 2

                           of
Hidalgo County, Texas.

__________________________________________________________________

 

                              O
P I N I O N

 

       Before
Chief Justice Valdez and Justices Hinojosa and Rodriguez

                                Opinion
by Justice Rodriguez

 








This opinion
addresses three separate interlocutory appeals.[1]  Appellees, Gloria Garcia, Melinda Sotuyo and
Deborah Medina, each filed a wrongful termination lawsuit against appellant,
Mission Consolidated Independent School District (MCISD) and its
superintendent, H.F. AJackie@ Dyer.[2]  MCISD filed a plea to the jurisdiction in
each case asserting immunity under section 101.106 of the Texas Civil Practice
and Remedies Code.  The trial courts
denied appellant=s pleas, and this appeal ensued.  Because we find that section 101.106 does not
apply to the facts of this case, we affirm the orders of the trial courts.[3]

By four issues,
appellant contends that its pleas to the jurisdiction should not have been
denied because the plain language of section 101.106(b) grants MCISD immunity
from suit.  Appellees argue that section
101.106(b) does not apply to the facts of this case.  The resolution of this case is a matter of
statutory construction.








We review matters
of statutory construction de novo.  City
of San Antonio v. City of Boerne, 111 S.W.3d 22, 25 (Tex. 2003); City of
Garland v. Dallas Morning News, 22 S.W.3d 351, 357 (Tex. 2000).  In construing a statute, our primary
objective is to determine and give effect to the Legislature's intent.  Tex. Dep't. of Transp. v. City of Sunset
Valley, 146 S.W.3d 637, 642 (Tex. 2004); City of San Antonio, 111
S.W.3d at 25; State v. Gonzalez, 82 S.W.3d 322, 327 (Tex. 2002); see
Tex. Gov=t Code Ann. ' 312.005 (Vernon 1998).  In discerning that intent, we look first to
the plain and common meaning of the statute's words.  Gonzalez, 82 S.W.2d at 327.  We determine legislative intent from the
entire act and not just isolated portions of the act.  City of Sunset Valley, 146 S.W.3d at
642; City of San Antonio, 111 S.W.3d at 25.  If the statutory language is unambiguous, we
must interpret it according to its terms, giving meaning to the language
consistent with other provisions in the statute.  City of Sunset Valley, 146 S.W.3d at
642.  We are mindful that Aevery word in a statute is presumed to have been
used for a purpose; and a cardinal rule of statutory construction is that each
sentence, clause and word is to be given effect if reasonable and possible.@  Perkins
v. State, 367 S.W.2d 140, 146 (Tex. 1963). 
We should also presume the Legislature intended a Aresult feasible of execution@ when it enacted the statute.  In re Mo. Pac. R.R. Co., 998 S.W.2d
212, 216 (Tex. 1999).  We also consider
the objective the statute seeks to obtain and the consequences of a particular
construction.  Id.; see Tex. Gov=t Code Ann. ' 311.023(3),(5) (Vernon 1998).  With these principles in mind, we turn to the
statutory language to be construed.

Section 101.106
of the civil practice and remedies code reads as follows:

    (a) The
filing of a suit under this chapter against a governmental unit constitutes an
irrevocable election by the plaintiff and immediately and forever bars any suit
or recovery by the plaintiff against any individual employee of the
governmental unit regarding the same subject matter.

 

    (b) The
filing of a suit against any employee of a governmental unit constitutes an
irrevocable election by the plaintiff and immediately and forever bars any suit
or recovery by the plaintiff against the governmental unit regarding the same
subject matter unless the governmental unit consents.

 

  (c) The
settlement of a claim arising under this chapter shall immediately and forever
bar the claimant from any suit against or recovery from any employee of the
same governmental unit regarding the same subject matter.

 

  (d) A
judgment against an employee of a governmental unit shall immediately and
forever bar the party obtaining the judgment from any suit against or recovery
from the governmental unit.

 

    (e) If a
suit is filed under this chapter against both a governmental unit and any of
its employees, the employees shall immediately be dismissed on the filing of a
motion by the governmental unit.








   (f) If a suit is filed against an employee
of a governmental unit based on conduct within the general scope of that employee's
employment and if it could have been brought under this chapter against the
governmental unit, the suit is considered to be against the employee in the
employee's official capacity only. On the employee's motion, the suit against
the employee shall be dismissed unless the plaintiff files amended pleadings
dismissing the employee and naming the governmental unit as defendant on or
before the 30th day after the date the motion is filed.

Tex.
Civ. Prac. & Rem. Code Ann. ' 101.106 (Vernon 2005).

Appellant argues
that according to the plain language of section 101.106(b), suit is barred as
to MCISD because each suit was also filed against Dyer, MCISD=s employee. 
We disagree.  Reading the entire
section and giving effect to each sentence, clause and word as we are required
to do, it is apparent that section 101.106 generally does not apply in this
case.








Reading section
101.106 in its entirety, we find the applicability of each subsection is
determined by the party the plaintiff chooses to sue.  Section 101.106 is a comprehensive statute
which specifically deals with possible options regarding the parties to a Texas
Tort Claims Act suit:  (1) when suit is
filed against the governmental unit, suit or recovery against the individual
employee regarding the same subject matter is barred by section 101.106(a); (2)
when suit is filed against the government employee, suit or recovery by the
plaintiff against the governmental unit regarding the same subject matter is
barred absent consent of the governmental unit by section 101.106(b); and (3)
when suit is filed against both the employee and governmental unit, suit
against the employee shall immediately be dismissed on the governmental unit=s filing of a motion to dismiss under section
101.106(e).  Villasan v. O=Rourke,
No. 09-04-409, 2005 Tex. App. LEXIS 4022, at *10-11 (Tex. App.BBeaumont, May 26, 2005, no pet. h.).  Looking at the plain language of the statute,
we find this is the only conclusion to be drawn which gives effect to each
subsection and leads to a result feasible of execution.  See City of Sunset Valley, 146
S.W.3d at 642; City of San Antonio, 111 S.W.3d at 25; Gonzalez,
82 S.W.2d at 327; In re Mo. Pac. R.R. Co., 998 S.W.2d at 216.

Appellees each
filed their petition naming both MCISD and Dyer as defendants.  Therefore, only subsection (e) could
apply.  However, subsection (e) applies
only if Aa suit is filed under this chapter.@  Reviewing
the record we find that no claims were brought pursuant to the tort claims act.[4]  Therefore, subsection (e), the only
potentially applicable subsection under 101.106, does not apply.








Furthermore,
contrary to appellant=s argument, we do not believe section 101.106(b) can
be read to apply to claims brought outside of the tort claims act.  The legislature did not include any language
within section 101.106 specifically, or the tort claims act in general, which
would suggest that 101.106(b) applies to any cause of action.  Because section 101.106 is part of the tort
claims act, and in light of the language in the corresponding subsections
limiting application to suits filed under chapter 101, we cannot conclude that
section 101.106(b) was intended to apply to any claims other than those brought
pursuant to the tort claims act.  Since
no claims were brought under the tort claims act in this case, we conclude
section 101.106 does not apply.

Because section
101.106 was the basis for appellant=s plea to the jurisdiction and we determined that it
is not applicable in this case, we find the trial courts did not err in denying
appellant=s pleas to the jurisdiction.  Appellant=s
issues are overruled.

Accordingly, the
orders of the trial courts are affirmed.

 

NELDA V. RODRIGUEZ

Justice

 

Opinion delivered and
filed

this 30th day of June, 2005.

 











[1] 
This Court has jurisdiction pursuant to section 51.014(a)(5) of the
Texas Civil Practice and Remedies Code.  See
Tex. Civ. Prac. & Rem. Code Ann.
' 51.014(a)(5) (Vernon Supp.
2004-05).  





[2]  Dyer is not a party to this appeal.





[3]  The three cases were consolidated for briefing purposes on appeal.  Because the cases arise from the same fact
situation and present similar issues for our review, they will be disposed of
in a single opinion.





[4]  Appellees allege causes of action pursuant to common law and chapter 21
of the Texas Labor Code (Texas Commission on Human Rights Act).  See Tex.
Lab. Code Ann. ' 21.001 et seq. (Vernon Supp.
2004-05).